IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JAVIER PEREZ-SANJURJO<br><br>Plaintiff,<br><br>v.<br><br>DR. ALEJANDRO L. PEREZ-TORRES, et al.,<br><br>Defendants. | Civil No. 25-1457 (GMM) |

### MEMORANDUM AND ORDER

On August 28, 2025, Plaintiff Javier Perez-Sanjurjo ("Mr. Perez-Sanjurjo") filed a *Prisoner Civil Rights Complaint* ("*Complaint*") from detailing in the Spanish language a 42 U.S.C. § 1983 claim against Dr. Alejandro L. Perez-Torres, Ms. Damaris Gonzalez-Lopez, and Ms. Angela Guzman-Rondon ("Defendants"). (Docket No. 2). Alongside his *Complaint*, Mr. Perez-Sanjurjo filed a *Motion for Leave to Proceed in Forma Pauperis* and *Motion to Appoint Counsel*. (Docket Nos. 1, 4). On August 29, 2025, the Clerk's Office notified Mr. Perez-Sanjurjo that his filings were defective, as they lacked a handwritten signature. (Docket No. 5). On October 3, 2025, Mr. Perez-Sanjurjo filed updated documents – still in the Spanish language, but with proper signatures and an updated request of relief in the amount of requesting relief in the amount of $450,000,000,000,000,000 dollars. (Docket No. 6; 6-2 at 7). On October 27, 2025, the Court issued an Order notifying

Mr. Perez-Sanjurjo that he must file his pleadings in the English language by December 1, 2025 – over a month from the date of this Order - for his claims to be considered. (Docket No. 8). As of today, Mr. Perez-Sanjurjo has not complied with this Court's Order.

As a general rule, we are solicitous of the obstacles that pro se litigants face. While such litigants are not exempt from procedural rules, the Court holds pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects. Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000) (*citing* Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacíon Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000)). Nevertheless, pro se status "does not insulate [a litigant] from complying with procedural and substantive law." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); *see also* Capizzi v. States Res. Corp., 2005 WL 113679, at *5 (D. Mass. Jan. 20, 2005) (rejecting the argument that pro se status excused plaintiffs from complying with court orders).

Here, Plaintiff's procedural noncompliance binds the Court's hands. Under 48 U.S.C. § 864, "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language." This applies most stridently "where the Spanish language document or matter is key to the outcome of the proceedings in the district court." Puerto

<u>Ricans For Puerto Rico Party v. Dalmau</u>, 544 F.3d 58, 67 (1st Cir. 2008). Therefore, the Court cannot consider Mr. Perez-Sanjurjo's *Complaint* written in the Spanish language. *See* Local Rule 5(c).

Even under the leniency pro se litigants are due, this Court cannot proceed further if pleadings remain in the Spanish language. This is not the first time Mr. Perez-Sanjurjo has been reminded by the court to comply with its procedures. Mr. Perez-Sanjurjo has had three cases dismissed in the past six years: one with prejudice, 19-1680(JAG), and two without prejudice for failure to comply with notice of defective filing for pleading in the Spanish language, 21-1337(RAM) and 23-1176(RAM).

As a result, this case is hereby dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to comply with a Court Order and for defective filings. Should Plaintiff remedy his procedural errors, he maintains leave to file his claim at a later time to be addressed on the merits by the Court.

The case is now closed for statistical purposes.

IT IS SO ORDERED.

In San Juan, Puerto Rico, December 3, 2025.

/s/ Gina R. Méndez-Miró
GINA R. MÉNDEZ-MIRÓ
United States District Judge